UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO PEDRO TORRES,<br><br>    Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants. | **CASE NO. 1:15-cv-00981-LJO-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 5.) His complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

2

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at California Institution for Men, but complains of acts that occurred at Wasco State Prison and the California Substance Abuse Treatment Center. He names the following Defendants: (1) Governor Edmund G. Brown, Jr., (2) Warden P.L. Vasquez (Corcoran), (3) Associate Warden Y. Samara, and (4) Accounting Office Supervisor A. Hacobian. It is unclear whether Samara and Hacobian are employed at Wasco or CSATF.

Plaintiff's allegations may be summarized essentially as follows.

Plaintiff is illiterate, a monolingual Spanish speaker, and developmentally disabled. He has difficulty understanding oral communication. He attended only six months of formal schooling during his childhood in El Salvador.

While at Wasco State Prison, Plaintiff had $900 in his prison trust account. The funds were provided by his family to assist him during his long prison stay. He used them periodically at the prison canteen. At some point, Plaintiff showed his canteen receipt to a friend, who asked why he had sent $500 out of the prison from his trust account. Plaintiff responded that he did not send any funds out of the prison. Plaintiff learned that $500 had been removed from his account on March 2, 2011 and sent to an individual in Barstow, California. Plaintiff states that he did not authorize the transaction, does not know the recipient, and has no family in the United States.

Plaintiff believes the fraudulent transfer was initiated by his cell mate, Daniel Mendez. Mendez is the only person who knew that Plaintiff had money and also had access to Plaintiff's I.D. card.

Plaintiff appealed the removal of funds from his account. His appeal was denied at the first and second levels of review on the grounds that Trust Accounting Staff followed procedures, the withdrawal form did not appear to be fraudulent, and staff was unable to verify that fraud had occurred. His appeal was cancelled at the third level of review due to untimeliness.

On October 30, 2012, Plaintiff initiated a civil suit in Kern County Superior Court against Defendants Vasquez, Samara, and Hacoban, and Does 1 and 2. The action apparently was dismissed for failure to prosecute. Plaintiff claims that unspecified Defendants failed to assist Plaintiff with prosecuting his case.

## IV.     ANALYSIS

### A.     Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged how each defendant personally participated in the deprivation of his rights. The Court will provide Plaintiff an opportunity to amend his complaint. If he chooses to do so, he must link the named defendants to his claims.

### B.     Due Process

The Fourteenth Amendment protects individuals from the deprivation of property without due process of law. An inmate has a protected property interest in his prison trust account funds. Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985). While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither negligent nor unauthorized intentional deprivations of property by a state

4

employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 532-33 & n.13 (1984) (citation omitted). Authorized, intentional deprivations of property violate the Due Process Clause when they occur "without underlying statutory authority and competent procedural protections," Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)).

Here, it appears funds were deducted from Plaintiff's trust account pursuant to established prison procedures, rather than through a random unauthorized act by an individual prison official. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982) (characterizing an authorized deprivation as one carried out pursuant to established state procedures, regulations, or statutes). Accordingly, Plaintiff had a right to competent procedural protections in relation to the withdrawal. The amount of process due in this context is a question of law. Quick, 754 F.2d at 1523. Generally, the process due inmates for removal of funds from inmate accounts in minimal. See Gardner v. Wilson, 959 F. Supp. 1224, 1229 (C.D. Cal. 1997) (finding that due process requires no more than notice and a post-deprivation grievance process); Myers v. Klevenhagen, 97 F.3d 91, 95–96 (5th Cir. 1996) (notice and adequate post-deprivation remedy); Scott v. Angelone, 771 F. Supp. 1064, 1067 (D. Nev. 1991) (no due process violation where money for medical charges deducted from inmate's account).

Here, funds are alleged to have been removed from Plaintiff's trust account pursuant to a withdrawal slip containing Plaintiff's identification number and what purported to be his signature. Plaintiff had the opportunity to file, and did file, a grievance regarding the withdrawal. The grievance was responded to by prison officials. Plaintiff alleges no deficiencies in the grievance process. Although the grievance perhaps was not investigated as thoroughly as Plaintiff would have liked, this in itself does not state a constitutional claim. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate

5

1 investigation as sufficient to state a civil rights claim unless there was another
2 recognized constitutional right involved."). Based on the allegations presented, it
3 appears Plaintiff was afforded all of the procedural protections he was due. Additionally,
4 the Court notes that the officers responsible for the removal of Plaintiff's trust funds
5 likely are protected by qualified immunity because reasonable officials could have
6 believed their conduct to be lawful based on the facially adequate trust withdrawal slip.
7 See Newell v. Sauser, 79 F.3d 115, 117 (9th Cir.1996).

8       Based on the foregoing, Plaintiff's allegations fail to state a due process claim.
9 He will be given leave to amend. If he chooses to amend, he must allege facts to show
10 how named Defendants deprived him of adequate procedural protections in relation to
11 the withdrawal of funds from his prison trust account.

12       **C.    State Law Negligence**

13       Plaintiff may intend to allege that Defendants were negligent in removing funds
14 from his prison trust account. Negligence is a state law claim.

15       The elements of negligence under California law are: "(1) defendant's obligation
16 to conform to a certain standard of conduct for the protection of others against
17 unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a
18 reasonably close connection between the defendant's conduct and resulting injuries
19 (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554,
20 572 (9th Cir. 2009) (quoting McGarry v. Sax, 70 Cal. Rptr. 3d 519 (2008)).

21       Plaintiff has not alleged which Defendants had a duty to protect his prison trust
22 funds but breached that duty. Even if he had, the Court will not exercise supplemental
23 jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C.
24 § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir.
25 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir.
26 1994). "When . . . the court dismisses the federal claim leaving only state claims for
27 resolution, the court should decline jurisdiction over the state claims and dismiss them
28

without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law claim. Plaintiff may amend this claim, but if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust, 254 F.3d at 805.

### D. Access to Court

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

Plaintiff alleges that he attempted to bring a state court suit in relation to the conduct alleged in this action. However, it is not apparent that the suit involved claims for violation of Plaintiff's civil rights. Accordingly, it is unclear whether the right of access to the courts applies. Even if such a right applies, Plaintiff has not explained how any of the named Defendants frustrated or hindered his opportunity to litigate his case. Plaintiff's conclusory allegation that his action was dismissed for failure to prosecute is insufficient to show that Defendants are responsible for the dismissal.

Plaintiff will be given leave to amend. If he chooses to do so, he must explain the events leading up to the dismissal of his state court case and how that dismissal is tied to Defendants' conduct.

### E. Exhaustion

Documents attached to Plaintiff's complaint reflect that he may not have exhausted the prison's administrative appeal process with regard to the $500 removal from his prison trust account.

Plaintiff is advised that he is required to exhaust "such administrative remedies as are available" prior to bringing suit. 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). To properly exhaust, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)). Exhaustion may be excused where administrative procedures were effectively unavailable, prison officials obstructed attempts to exhaust, or the plaintiff was prevented from exhausting because procedures for processing grievances were not followed. See Sapp v. Kimbrell, 623 F.3d 813, 822-24 (9th Cir. 2010).

The defendant bears the burden of raising and proving the absence of exhaustion. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Additionally, it is possible that Plaintiff is excused from the exhaustion requirement on one of the grounds stated above. Accordingly, the Court will not dismiss Plaintiff's complaint at the pleading stage for failure to exhaust. Plaintiff nevertheless is advised that his claims ultimately may be subject to dismissal if he failed to exhaust his administrative remedies and is not excused from the exhaustion requirement.

### V. CONCLUSION AND ORDER

Plaintiff's complaint does not state a claim. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts

resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed June 29, 2015;

3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, and will be subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   February 10, 2016              /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE